**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50252**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GEORGE O. NYATENG,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(No. MO-95-CA-020)**
_____

November 5, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

George O. Nyateng appeals from the denial of his § 2255 motion to vacate, set aside, or reduce his sentence for conspiracy to commit mail fraud. Needless to say, § 2255 is reserved for transgressions of constitutional rights and for a narrow range of issues that could not have been raised on direct appeal. *E.g.*, *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Nyateng contends that the district court erroneously applied the sentencing guidelines by taking into account an "invalid"

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conviction. Application of the guidelines is not a constitutional issue and could have been raised on direct appeal had Nyateng not waived his right to appeal in his plea agreement. *Id.* at 368. Even if this issue could be raised, excluding the conviction would not alter Nyateng's sentence, because he was already in Category I, the lowest possible criminal history category.

Nyateng also claims that the district court breached the plea agreement because the court did not give effect to the Government's § 5K1.1 recommendation for a downward departure. Again, assuming this issue can be raised in a § 2255 proceeding, the district court was not a party to the plea agreement; accordingly, it was not bound by its terms. *See United States v. Woods*, 907 F.2d 1540, 1542 (5th Cir. 1990), *cert. denied*, 498 U.S. 1070 (1991).

Finally, Nyateng contends that he was given ineffective assistance of counsel because his attorney did not object to consideration of the "invalid" conviction, failed to object to the district court's denial of the Government's § 5K1.1 motion, and failed to perfect a direct appeal. To prevail on this ineffective assistance of counsel claim, Nyateng must show that, but for deficient performance, his sentence would have been significantly less harsh. *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993). As noted, Nyateng was in criminal history Category I, so the exclusion of his prior conviction would not have affected his sentence. In addition, his counsel urged the court to grant the Government's motion; moreover, Nyateng indicated that he understood

that the district court was not bound by the terms of his plea agreement. Finally, Nyateng waived his right to appeal in his plea agreement; consequently, a direct appeal would have been meritless. Nyateng's counsel was not deficient for failing to raise a meritless claim.

In sum, Nyateng's motion for oral argument is **DENIED** and the denial of his § 2255 motion is **AFFIRMED**.